**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JAMES GANDY, JR., #39446**                                                          **PETITIONER**

**v.**                                                          **CAUSE NO. 2:16-cv-00159-KS-MTP**

**J. BANKS**                                                          **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Petition of James Gandy, Jr. for Writ of

Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [6]

pursuant to 28 U.S.C. § 2244(d).  Having considered the Motion, the record, and the applicable

law, the undersigned recommends that Respondent's Motion to Dismiss [6] be granted and the

Petition [1] be dismissed with prejudice.

**PROCEDURAL HISTORY**

On September 16, 1985, Gandy was sentenced as a habitual offender to serve life in the

custody of the Mississippi Department of Corrections after having been convicted of kidnaping

in the Circuit Court of Jones County, Mississippi.  [1-2].  Thereafter, Gandy filed a notice of

appeal.  On September 24, 1985, however, Gandy allegedly escaped from the Jones County Jail.

[1-2].  On October 21, 1985, the State of Mississippi filed a Motion to Dismiss Appeal supported

by an Affidavit of H.M. Hooks, then Sheriff of Jones County, Mississippi, which stated that

James Gandy, Jr. had escaped the jail and remained at large as of October 10, 1985. [1-2].  On

October 21, 1985, the Circuit Court of Jones County entered an Order to Dismiss Appeal.[1] [1-3]

and [1-4].

---

[1] In August 2015, thirty years after he was convicted, Gandy filed his Petition for an Order to Show Cause in the
circuit court and requested copies of his trial transcripts. ([1]). On August 31, 2015, the court entered an Order
Denying Petition for an Order to Show Cause, holding that Gandy's Notice of Appeal was properly dismissed on

In July 2013, Gandy filed a Motion for Post-Conviction Relief in the circuit court. *See Gandy v. State*, 197 So.3d 427 (Miss. Ct. App. 2015) *reh'g denied*, May 3, 2016; *cert. denied*, Aug. 11, 2016.  The circuit court held that Gandy's PCR motion was time-barred, as it was filed beyond the three-year statute of limitations. *Id*.  Gandy appealed and argued that the statute of limitations should not apply because his sentence as a habitual offender was illegal and deprived him of due process. *Id*.  On December 8, 2015, the Mississippi Court of Appeals affirmed the circuit court's decision that Gandy's PCR motion was time-barred under Miss. Code Ann. § 99-39-5, and held that Gandy's sentence was not illegal. *Id*.  The Mississippi Supreme Court entered an Order denying *certiorari* review of Gandy's PCR motion on August 11, 2016. [1-4].

On September 28, 2016, Gandy filed the instant Petition for Writ of Habeas Corpus.[2] [1]. Thereafter, Respondent filed his Motion to Dismiss [6], asserting that the Petition was not timely filed and should be dismissed.  Gandy filed a Response [7], asserting that direct review was not final until August 11, 2016, the date the Mississippi Supreme Court denied *certiorari* review of the circuit court's denial of his Motion for Post-Conviction Relief. Gandy further asserts that he diligently pursued collateral challenges to his conviction.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which

---

October 21, 1985. ([1-4]).  The court, relying on *Derrick v. State*, 406 So.2d 48 (Miss. 1981), found that Gandy abandoned his appeal after he escaped from the Jones County Jail. *Id*.  The court also found that no trial transcripts exist regarding the matter because the appeal was dismissed. *Id*.  On September 21, 2015, the circuit court entered an Order Denying Motion for Reconsideration, finding that Gandy's request for reinstatement of his appeal was untimely and without merit. *Id*.

[2] The Petition was signed on September 28, 2016, and stamped "filed" on October 4, 2016. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Colemant v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Weighing all doubts in Petitioner's favor, the Court will use the earlier date of September 28, 2016.

the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir.

2003).  The Fifth Circuit clarified the law for purposes of determining when a state conviction

becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the
> conclusion of direct review or the expiration of the time for seeking such review.
> We previously held that direct review includes a petition for writ of certiorari to the
> Supreme Court.  Therefore, the conclusion of direct review is when the Supreme
> Court either rejects the petition for certiorari or rules on its merits.  If the conviction
> does not become final by the conclusion of direct review, it becomes final by the
> expiration of the time for seeking such review.  We previously held that this
> includes the ninety days allowed for a petition to the Supreme Court following the
> entry of judgment by the state court of last resort.  If the defendant stops the appeal
> process before that point, the conviction becomes final when the time for seeking
> further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Gandy's appeal was dismissed on October 21, 1985.  However, because the AEDPA was

not enacted until April 24, 1996, federal habeas corpus petitioners whose conviction became

final prior to April 24, 1996 had until April 24, 1997 to file for federal habeas relief. *United

States v. Flores*, 135 F.3D 1000, 1005 (5th Cir. 1998).  Therefore, because Gandy's conviction

became final prior to April 24, 1996, he was required to file his federal habeas petition on or

before April 24, 1997, unless he is entitled to statutory and/or equitable tolling.[3]  Gandy filed his

petition on September 28, 2016, more than thirty years after his judgment became final, and

more than nineteen years after the April 24, 1997 deadline.

---

[3] Gandy argues that the conclusion of direct review was August 11, 2016, when the Mississippi Supreme Court
denied *certiorari* review of the circuit court's denial of his Motion for Post-Conviction Relief.  The date of
conclusion of direct review is not the date of conclusion of review of a PCR motion; it is the date when direct review
of the conviction becomes final. *See Roberts*, 319 F.3d at 694.

**Statutory Tolling**

Whether statutory tolling occurred is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.  As previously stated, Gandy filed a motion for post-conviction collateral relief in July 2013.  However, by the time Gandy signed this motion, the time for filing a federal habeas petition had expired sixteen years earlier.  Thus, the state motion did not toll the limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under Section 2244(d)(2) because it was not filed until after the limitation period expired).  Accordingly, Gandy did not benefit from statutory tolling under Section 2244(d), and his federal habeas deadline remained April 24, 1997.

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999).  Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).  Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).  Petitioner,

4

however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

According to Gandy, he is entitled to equitable tolling because he "diligently pursued collateral challenges to [his] conviction." [7].  Gandy also argues that he did not, in fact, escape from the Jones County Jail while his appeal was pending, and that his appeal was therefore "illegally dismissed in 1985."  Finally, he argues that circuit court's "lack of transcripts" and "lack of records" denied him of due process and of his right to an appeal, the result of which excepts him from the time-bar applied to state PCR motions.

The record does not support Gandy's assertion that he pursued his rights diligently.  After Gandy's appeal was dismissed on October 21, 1985, he did not attempt to reinstate his appeal until 2015, and he waited until July 2013 — nearly twenty-eight years — to file a motion for post-conviction collateral relief in state court.  Furthermore, Gandy waited until January 31, 2000, nearly fifteen years after his conviction, to even request copies of trial records and transcripts. [1-4].  As evidence of his diligence, Gandy offers the fact that he filed a Petition for Order to Show Cause. [7].  However, Gandy did not file the petition until August 27, 2015, nearly thirty years after his conviction.  "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).  Gandy's extended period of inactivity does not constitute due diligence.  Additionally, Gandy has failed to demonstrate that he was prevented in some extraordinary way from asserting his rights, and nothing in the record indicates the presence of rare and exceptional circumstances warranting equitable tolling.

## CONCLUSION

Because his conviction pre-dated the enactment of the AEDPA, Petitioner was required to file his federal habeas petition by April 24, 1997.  Petitioner filed his petition on September

5

28, 2016.  Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate.  Accordingly, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [6] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 3rd day of Febrauary, 2017.

s/ Michael T. Parker
United States Magistrate Judge

6