IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES GANDY, JR. #39446                                               PETITIONER

VERSUS                                    CIVIL ACTION NO. 2:16-cv-159- KS-MTP

J. BANKS                                                               RESPONDENT

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE ETC.

THIS CAUSE IS BEFORE THE COURT on Petition of James Gandy Jr. for Writ of Habeas Corpus [1] filed pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [6] pursuant to 28 U.S.C. §2244 (d). Having considered the motion, the record, the applicable law and Report and Recommendation [11] of Magistrate Judge Michael T. Parker the undersigned finds that the Motion to Dismiss [6] should be Granted and the Petition for Writ of Habeas Corpus be Dismissed with prejudice for the reasons hereinafter set forth.

I.    PROCEDURAL HISTORY

On September 16, 1985, Gandy was sentenced as a habitual offender to serve life in the custody of the Mississippi Department of Corrections after having been convicted of kidnaping in the Circuit Court of Jones County, Mississippi. [1-2]. Thereafter, Gandy filed a notice of appeal. On September 24, 1985, however, Gandy allegedly escaped from the Jones County Jail. [1-2]. On October 21, 1985, the State of Mississippi filed a Motion to Dismiss Appeal supported by an Affidavit of H.M. Hooks, then Sheriff of Jones County, Mississippi, which

1

stated that James Gandy, Jr. had escaped the jail and remained at large as of October 10, 1985. [1-2]. On October 21, 1985, the Circuit Court of Jones County entered an Order to Dismiss Appeal.[1] [1-3] and [1-4].

In July 2013, Gandy filed a Motion for Post-Conviction Relief in the circuit court. *See Gandy v. State*, 197 So.3d 427 (Miss. Ct. App. 2015) *reh'g denied*, May 3, 2016; *cert. denied*, Aug. 11, 2016. The circuit court held that Gandy's PCR motion was time-barred, as it was filed beyond the three-year statute of limitations. *Id.* Gandy appealed and argued that the statute of limitations should not apply because his sentence as a habitual offender was illegal and deprived him of due process. *Id.* On December 8, 2015, the Mississippi Court of Appeals affirmed the circuit court's decision that Gandy's PCR motion was time-barred under Miss. Code Ann. § 99-39-5, and held that Gandy's sentence was not illegal. *Id.* The Mississippi Supreme Court entered an Order denying *certiorari* review of Gandy's PCR motion on August 11, 2016. [1-4].

On September 28, 2016, Gandy filed the instant Petition for Writ of Habeas Corpus.[2] [1]. Thereafter, Respondent filed his Motion to Dismiss [6], asserting that the Petition was not timely filed and should be dismissed. Gandy filed a Response [7], asserting that direct review was not final until August 11, 2016, the date the Mississippi Supreme Court denied *certiorari* review of

---

[1] In August 2015, thirty years after he was convicted, Gandy filed his Petition for an Order to Show Cause in the circuit court and requested copies of his trial transcripts. ([1]). On August 31, 2015, the court entered an Order Denying Petition for an Order to Show Cause, holding that Gandy's Notice of Appeal was properly dismissed on October 21, 1985. ([1-4]). The court, relying on *Derrick v. State*, 406 So.2d 48 (Miss. 1981), found that Gandy abandoned his appeal after he escaped from the Jones County Jail. *Id.* The court also found that no trial transcripts exist regarding the matter because the appeal was dismissed. *Id.* On September 21, 2015, the circuit court entered an Order Denying Motion for Reconsideration, finding that Gandy's request for reinstatement of his appeal was untimely and without merit. *Id.*

[2] The Petition was signed on September 28, 2016, and stamped "filed" on October 4, 2016. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Colemant v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Weighing all doubts in Petitioner's favor, the Court will use the earlier date of September 28, 2016.

the circuit court's denial of his Motion for Post-Conviction Relief. Gandy further asserts that he diligently pursued collateral challenges to his conviction.

## II.     STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.     PETITIONER'S OBJECTIONS AND ANALYSIS

Gandy's objections to the Magistrate Judge's report states that he "objects to the entire Report and Recommendation and requests the Court will require further evidence or recommit the matter to the Court with instructions" [13-1].  Following his general objection, he objects to the Court relying on the Affidavit from the Sheriff of Jones County regarding the fact that he escaped and waived his right to appeal in 1985. As to this issue he claims that the Court should

3

have ordered a hearing and further claims that he did not escape and that his appeal was illegally dismissed in 1985,

He further contends that he was denied due process because there was no transcript and record of his proceeding and was prevented from asserting his rights and that this fact justifies exceptional circumstances and equitable tolling should apply. He further states that he attempted to reinstate his appeal in 1985 and that his habitual offender sentence was illegal.

An interesting issue alleged by Petitioner is that the Antiterrorism and Effective Death Penalty Act did not become effective until April 24, 1996 and that he was not informed of the ramifications of the statute of limitations therein as set forth in §2244 (d)(1)(A).

In his Report and Recommendation Judge Parker gave Gandy the benefit of the doubt. One year from the effective date of the AEDPA was April 24, 1997, which was the date used by Judge Parker to establish the running of the statute of limitations and the date by which Gandy would have been required to file his federal habeas petition.  Judge Parker further reasoned that unless he was entitled to statutory and/or equitable tolling that the April 24, 1997 date ended his opportunity to file a federal habeas petition. The original petition by Gandy was filed on September 28, 2016, thirty years after his Judgment became final, and more that nineteen years after the April 24, 1997 deadline. His allegation that he was entitled to statutory tolling because his state post-conviction petition remained pending is not well taken. The state post-conviction collateral relief petition was not filed until many years after the deadline for his federal habeas had expired, therefore he is not entitled to statutory tolling.

He further alleges that he is entitled to equitable tolling which is only appropriate in rare and exceptional circumstances. Judge Parker gives his reasons why Petitioner is not entitled to equitable tolling, and the Court adopts his reasoning and finds that it is correct.

With the statute of limitations long since passed and Petitioner not being entitled to statutory equitable tolling he is without an avenue to obtain relief in this Court.  The Court finds that the Petition should be Dismissed with prejudice.

## IV.    CONCLUSION

As required by 28 U.S.C. §636 (b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection.  For the reasons set forth above, this Court concludes that James Gandy, Jr.'s objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is as accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is Ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that James Gandy Jr.'s claim is DISMISSED WITH PREJUDICE.

SO ORDERED this the ___14th___ day of March, 2017.

                                                ___s/Keith Starrett_____
                                                UNITED STATES DISTRICT JUDGE